U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 16 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MYRON TANKSLEY, 1002421,  )
    Plaintiff,  )
      )
v.  )  No. 3:14-CV-4082-K
      )
JUDGE TERESA HAWTHORNE, ET AL.,  )
    Defendants.  )

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.   Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Judge Teresa Hawthorne, Assistant Public Defender Catherine Bernhard, Assistant District Attorney Russell Wilson and Dallas County Sheriff Lupe Valdez. Process has not issued pending preliminary screening.

Plaintiff's complaint is based on proceedings in his state criminal case. Plaintiff challenged his state court conviction by filing a state habeas petition. Plaintiff argued he was actually innocent and that jail records would show he was incarcerated on the date of the offense. Plaintiff states Judge Hawthorne appointed public defender Catherine Bernhardt to represent him in the case, but that Bernhardt failed to obtain necessary documents and that she also falsified

documents. Plaintiff claims Assistant District Attorney Russell Wilson falsified documents by falsifying the time and date that Plaintiff was release from jail, and that Sheriff Valdez provided falsified jail documents to Wilson. Plaintiff alleges Judge Hawthorne illegally entered an order finding him guilty of the offense.

## II.  Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.  Discussion

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending

charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff's conviction has not been reversed or otherwise declared invalid. (*See* Magistrate Judge's Questionnaire, Answer Nos. 2 & 3.) Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

### IV. Recommendation

The Court recommends that the complaint be dismissed with prejudice until the *Heck* conditions are met.

Signed this _____ day of _January_, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).